[No. 4817.  Decided February 29, 1904.]

S. A. REID, *Appellant,* v. C. W. SLOCUM *et al., Respond-
ents.*[1]

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE OF CONTRACT
TO CONVEY—DEFENSES—MUTUAL MISTAKE INCLUDING LAND NOT
OWNED—EVIDENCE—SUFFICIENCY. In an action for the specific
performance of a contract to sell a tract of land purchased for the
timber thereon, in which the defendants claim that ten acres
previously sold by them to another, and which was cleared land
and occupied, was included by mutual mistake, findings for the
defendant will not be disturbed where the plaintiff testifies that
he was familiar with the land, knew of the other purchaser's
house and improvements, and did not think at the time that he
was getting the house and land around it.

Appeal from a judgment of the superior court for Clarke
county, A. L. Miller, J., entered April 3, 1903, upon the
findings and decision of the court in favor of the defend-
ants, dismissing on the merits an action for the specific
performance of a contract to convey land.  Affirmed.

*E. M. Green,* for appellant.

*W. W. McCredie,* for respondents.

MOUNT, J.—Plaintiff brought this action in the lower
court to enforce specific performance of a contract of pur-
chase of real estate.  The complaint sets up the contract,
and alleges a compliance therewith on the part of the
plaintiff and a refusal by defendants to convey the
lands described by the contract.  Defendants by their
answer admit the making of the contract, but allege
that they were not, at that time, and are not now, the
owners of all the lands therein described; and that ten
acres of land, not owned by them and not intended to be

[1]Reported in 75 Pac. 679.

sold by them, and which plaintiff did not intend to purchase, were, by mutual mistake, included in the contract; and also allege a readiness and offer to comply with the contract, as the same was intended to be made by all parties thereto, and ask for reformation of the contract sued upon. The reply denied the allegations of the answer. At the trial the court found in favor of the defendants. Plaintiff appeals.

The only question involved on this appeal is one of fact, viz: was there a mutual mistake made by the parties in describing the lands which they intended to include in the contract? We have carefully examined the evidence, and are convinced that the finding of the lower court on this question was right. The whole tract of land described in the contract is a rectangular tract containing eighty-seven and one-half acres. It is described in the contract as follows: "Beginning at the northeast corner of the Michael Hartigan homestead claim 334, running thence south 30 chains, thence west 29 chains and 15 links, thence north 30 chains, thence east 29 chains and 15 links to the place of beginning, containing eighty-seven and one-half acres of lands." Before defendants acquired the title to this tract of land they held a mortgage upon it. In order to avoid foreclosure of the mortgage, they took a deed from the mortgagors for the whole tract, and immediately, as a part of the same transaction, reconveyed to a Mrs. Laws ten acres in rectangular form out of the southwest quarter of the tract. This ten acres was cleared and improved land upon which Mrs. Laws lived. The balance of the tract was timber lands. The controversy here is over this ten acres. When plaintiff and defendants entered into the contract involved in this action, the whole tract was described without excepting therefrom this ten acres.

There can be no doubt at all from the evidence that the defendants did not intend to include this ten acres in the contract of sale with the plaintiff.  The only possible question in the case is whether the plaintiff intended to purchase, and thought at the time the contract was drawn that he was purchasing, this ten acres, in addition to the seventy-seven and one-half acres owned by defendants. We are of the opinion that his own evidence discloses the fact that he knew he was not to have this ten acres.  He testified, in substance, that at the time the contract was entered into he was in the wood business; that he bought the land for the timber upon it; that he had known the ten acre tract for two or three years prior to the time of the contract; that he knew where Mrs. Laws lived; and that, when he purchased the land, he did not think he was getting the house and land around it.  There are other strong circumstances in the case tending to show that plaintiff intended to purchase the land owned by the defendants, which contained but seventy-seven and one-half acres.  But the foregoing evidence of the plaintiff himself is conclusive of the question.

The judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.